IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

LESLIE TORMAN,

      Plaintiff,

v.                                        CASE NO. 2:07-cv-00438

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.


## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.  By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).  Presently pending before the court are the parties' briefs in support of judgment on the pleadings and Plaintiff's Motion to Remand.

Plaintiff, Leslie Torman (hereinafter referred to as "Claimant"), filed applications for SSI and DIB on December 27, 2002, alleging disability as of September 28, 2002, due to back pain.  (Tr. at 104-06, 141, 435-38.)  The claims were denied

initially and upon reconsideration.  On November 18, 2003, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 64.)  The hearing was held on March 4, 2004, before the Honorable Theodore Burock.  (Tr. at 445-70.)  By decision dated March 25, 2004, the ALJ determined that Claimant was not entitled to benefits.  (Tr. at 41-47.)  On July 29, 2005, the Appeals Council remanded the case.  (Tr. at 51-53.)  The ALJ conducted a second administrative hearing on August 9, 2006.  (Tr. at 471-76.) On January 25, 2007, the ALJ again denied benefits.  (Tr. at 18-29.)  On June 6, 2007, the ALJ's decision became the final decision of the Commissioner, when the Appeals Council denied Claimant's request for review.  (Tr. at 6-8 .)  On July 13, 2007, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Plaintiff's Motion to Remand

Claimant moved to remand this matter pursuant to sentence six of 42 U.S.C. § 405(g) on the grounds that there is new and material evidence.  Claimant asserts that after the ALJ denied benefits on January 25, 2007, he filed a subsequent application on February 21, 2007, alleging disability as of September 28, 2002.  Claimant asserts that he was awarded benefits with an onset of January 26, 2007, the day after the initial denial of benefits by ALJ Burock. Claimant had not yet received the decision when he filed the Motion.  (# 16, pp. 1-2.)

The Commissioner opposed Plaintiff's Motion, arguing that Claimant did not provide the decision awarding benefits and that in any event, such evidence is irrelevant to ALJ Burock's decision. (# 17, pp. 1-2.)

In reply, Claimant provided a copy of the decision awarding benefits as of January 26, 2007, and argued that remand was appropriate. (## 18, 19.)

By order entered December 1, 2008, the court noted that Claimant had amended his alleged onset date to January 26, 2007, in the subsequent application upon which benefits were granted. The court directed Claimant to indicate to the court why his appeal related to the 2002 applications should not be dismissed with prejudice in light of his decision to amend the onset date to January 26, 2007, the day after the ALJ's decision. The court also provided a deadline by which the Commissioner could respond to Claimant's brief. (# 20, p. 2.)

On December 24, 2008, Claimant filed a brief in which he indicated that by amending his onset date to January 26, 2007, the day after the ALJ's decision, he did not voluntarily abandon his prior claim with an earlier onset date. Claimant asserts that his counsel recalls that "the ALJ informed [counsel] that she had no jurisdiction to consider an onset date prior to the day after the prior ALJ decision and if Plaintiff agreed to an amended onset date, it would speed up a favorable decision. The Plaintiff had

absolutely no intent to abandon the previous claim but merely acquiesced to Social Security policy in order to facilitate a favorable decision as early as possible." (# 21, p. 2.)

The Commissioner did not respond to Claimant's brief.

Where there is new medical evidence, the court may remand under the sixth sentence of 42 U.S.C. § 405(g) based upon a finding that the new evidence is material and that good cause exists for the failure to previously offer the evidence. 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 97 (1991). The Supreme Court has explicitly stated that these are the only kinds of remand permitted under the statute. Melkonyan, 501 U.S. at 98.

In order to justify a remand to consider newly submitted medical evidence, the evidence must meet the requirements of 42 U.S.C. § 405(g) and Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).[1] In Borders, the Fourth Circuit held that newly discovered

---

[1] Within relevant case law, there is some disagreement as to whether 42 U.S.C. § 405(g) or the opinion in Borders provides the proper test in this circuit for remand of cases involving new evidence. This court will apply the standard set forth in Borders in accordance with the reasoning previously expressed in this district:

> The court in Wilkins v. Secretary of Dep't of Health & Human Servs., 925 F.2d 769 (4th Cir. 1991), suggested that the more stringent Borders four-part inquiry is superseded by the standard in 42 U.S.C. 405(g). The standard in § 405(g) allows for remand where "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, Borders has not been expressly overruled. Further, the Supreme Court of the United States has not suggested that Borders' construction of § 405(g) is incorrect. Given the uncertainty as to the contours of the applicable test, the Court will apply the more stringent Borders inquiry.

Brock v. Secretary, Health and Human Servs., 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992) (citations omitted).

4

evidence may warrant a remand to the Commissioner if four prerequisites are met:   (1) the evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative; (2) the evidence is material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him or her; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to the remanding court "at least a general showing of the nature" of the newly discovered evidence.   <u>Id.</u>

At the outset, the court is persuaded by Claimant's response indicating that his amendment of the onset date on the subsequent application should have no bearing on the applications on appeal before this court, particularly in light of the fact that the Commissioner did not respond to Claimant's brief.

Turning to the four requirements of <u>Borders</u>, the court proposes that the presiding District Judge find that Claimant satisfies the four requirements of <u>Borders</u> with respect to the new evidence indicating he was awarded benefits effective the day after the ALJ's decision.   There is good cause for Claimant's failure to submit this evidence to the ALJ, and Claimant has presented to the court, a general showing of the newly discovered evidence in the form of the actual decision.   Regarding relevance and materiality, the decision on the subsequent application indicates that Claimant

was awarded benefits effective January 26, 2007, because he was limited to sedentary work and, therefore, met the Medical-Vocational Guidelines, Rule 201.10.  20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1, Rule 201.10 (2007).  The ALJ on the subsequent application relied on much of the same evidence before the ALJ on the instant applications, including the opinion of Dr. Baker, a treating source who opined that Claimant should avoid prolonged sitting, standing, walking or bending and should avoid lifting more than ten pounds.  The ALJ afforded significant weight to Dr. Baker's opinion.  (# 19, p. 7.)  While the ALJ on the subsequent application also had the benefit of evidence developed after January 26, 2007, related to Claimant's shoulder impairment and indicating a new diagnosis of chronic obstructive pulmonary disease ("COPD"), there is no evidence of a significant deterioration or acute injury that would have explained the award of benefits as of January 26, 2007.  Notably, Claimant was first diagnosed with COPD in November of 2007.  (# 19, p. 7.)  In short, the ALJ on the subsequent application afforded controlling weight to the August 2006, opinion of Dr. Baker that Claimant should avoid prolonged sitting, standing, walking or bending and should avoid lifting more than ten pounds and thus concluded that Claimant met the Medical-Vocational Guidelines. (# 19, pp. 6-7.)  This same evidence from Dr. Baker was before the ALJ on the instant applications and was rejected by him.  (Tr. at 27.)

6

As the court in <u>Reichard v. Barnhart</u>, 285 F. Supp.2d 728, 734 (S.D. W. Va. 2003) found, the ALJ's determination that Claimant "was disabled only a few days after [the first decision] begs the question whether Claimant was actually disabled before that during the period of time relevant to consideration of Claimant's first application." This is particularly true in light of the subsequent ALJ's decision to afford controlling weight to the treating source opinion rejected by the ALJ on the instant applications.

Finally, the Commissioner's attempts to distinguish <u>Reichard</u> and <u>Bradley v. Barnhart</u>, 463 F. Supp.2d 577 (S.D. W. Va. 2006), are unconvincing. Most of the Commissioner's arguments relate to Claimant's failure to provide the ALJ's subsequent decision, which was remedied. (Def.'s Resp., p. 4.) In addition, the Commissioner asserts that <u>Reichard</u> and <u>Bradley</u> are distinguishable from the instant matter because this case concerns review and decision by two different ALJs, while <u>Reichard</u> and <u>Bradley</u> did not. In <u>Reichard</u>, the same ALJ considered both applications, while in <u>Bradley</u> the second decision occurred early in the administrative process and did not reach an ALJ. (Def.'s Resp. at 4-5.) The Commissioner asserts that "the current case and subsequent case were considered by two different ALJs, who could permissibly reach different conclusions." (Def.'s Resp. at 5.)

The Commissioner's argument misses the point of <u>Reichard</u> and <u>Bradley</u>, that the finding that "Claimant was disabled only a few

days after his first decision was issued begs the question whether Claimant was actually disabled before that during the period of time relevant to consideration of Claimant's first application." Reichard, 285 F. Supp.2d at 734; Bradley, 463 F. Supp.2d at 581 ("If the SSA awarded benefits on the second claim based upon the evidence received in June 2005, with an onset date coming just one day after the date of an earlier denial, that documentation, and the decision which resulted from it, would seem likely to be of a significant and substantial character in relation to the earlier claim."). Whether Claimant's prior and subsequent applications were decided by the same or different ALJs, it is not evident from the current record how Claimant became disabled the day after the ALJ's decision on the first applications, particularly where the ALJ on the subsequent application afforded controlling weight to treating physician opinion discounted by the first ALJ.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge GRANT Plaintiff's Motion to Remand, REVERSE the final decision of the Commissioner, and REMAND this case for further proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g).

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b),

8

Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

February 25, 2009
Date

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge